# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0046 • E: Joshua@levinepstein.com

June 23, 2023

**Via ECF**
The Honorable Lewis J. Liman, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:     *Curry v. Alto Pharmacy LLC*
        **Case No.: 22-cv-06902 (LJL)**

Dear Honorable Judge Liman:

This law firm represents Plaintiff Latosha Curry (the "Plaintiff") in the above-referenced action. This letter is submitted pursuant to *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015), seeking approval of the enclosed Settlement Agreement, which provides for a total settlement amount of $40,000.00.

A copy of the executed Settlement Agreement is attached hereto as "Exhibit A."

A Stipulation of Dismissal with Prejudice is being filed simultaneously with this letter motion, and the parties respectfully request that the court So-Order the Stipulation.

## I.     Procedural History

On August 13, 2022, Plaintiff filed a collective action complaint [Dckt. No. 1] (the "Complaint", or the "*Compl.*") against Defendant Alto Pharmacy LLC (the "Defendant", or "Alto Pharmacy") for claiming violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York State Labor Law ("NYLL").

Defendant owns and operates "Alto Pharmacy", located at 100 Park Ave, New York, NY 10017.

According to the operative complaint filed on August 13, 2022 [Dckt. No. 1] (the "Complaint", or the "*Compl.*"), Plaintiff worked at Alto Pharmacy as a courier, as follows:

| Plaintiff | Start | End | Avg. Hours per Week | Reg. Rate of Pay |
|---|---|---|---|---|
| Latosha Curry | 5/1/2022 | 7/31/2022 | 80.5 | $21 / hr. |

According to Plaintiff's allegations, Defendant failed to pay couriers, including Plaintiff, legally required overtime wages under the FLSA and New York State Labor Law NYLL. Plaintiff claimed Defendant paid a flat hourly rate, regardless of how many hours she worked each week.

Defendant filed an Answer on November 11, 2022, denying the alleged violations of the FLSA and NYLL, and asserting various affirmative and other defenses. Defendant has maintained Plaintiff was not an employee and, even if she was, she was fully paid for all time worked at rates exceeding the minimum amounts required assuming she was an employee.

Plaintiff also contemplated the filing of an amended complaint to include additional allegations relating to Defendant's alleged failure to pay their couriers for all the hours they were working. Specifically, couriers were allegedly not fully competed for time spent driving (a) from their home to their first assigned pick-up location, (b) from a delivery location to their next scheduled pick-up location, and (c) from a pick-up location to a delivery location.

Plaintiff further contemplated the filing of an amended complaint to include additional allegations relating to Defendant's alleged failure to pay reimbursable, delivery-related expenses, *to wit*: gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, automobile depreciation and damage, financing, licensing, and registration charges, and cell phone and data charges.

The Complaint asserts five (5) Causes of Action against Defendant.

FIRST:        Unpaid overtime wages under the FLSA;

SECOND:     Unpaid overtime wages under the NYLL;

THIRD:        Failure to provide wage notices under the NYLL and Wage Theft Prevention Act;

FOURTH:     Failure to provide wage statements under the NYLL and Wage Theft Prevention Act; and

FIFTH:         Unpaid spread-of-hours under the NYLL.

On May 25, 2023 after multiple rounds of negotiations prior to and following a virtual mediation held on May 18, 2023, the parties reached a resolution, in principle, to settle this matter. The Parties finalized the terms, memorialized in the accompanying Settlement Agreement, for settlement of all claims for a total sum of $40,000.00 (the "Settlement Amount") to be paid out in accordance with the terms of the Settlement Agreement.

The settlement is objectively fair, reasonable, and the product of arm's length negotiations between experienced counsel. For these reasons and those set forth in further detail below, the settlement should be approved.

II.     **The Settlement Agreement is Fair and Reasonable**

To determine whether an FLSA Settlement Agreement should be approved as fair and

reasonable, courts in the Second Circuit consider the totality of the circumstances, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotations omitted).

"Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects reasonable compromise over contested issues, the court should approve the settlement." *Martinez v. Hilton Hotels Corp.*, 2013 WL 4427917, at \*2 (S.D.N.Y. 2013) (citation omitted).

## A. The Settlement Sum is Substantial and Fair Given the Plaintiff's Range of Recovery

The first factor articulated in *Wolinsky* examines "the Plaintiff's range of possible recovery." *Wolinsky,* 900 F.Supp.2d 332, at 335.

The Settlement Agreement satisfies this prong because Plaintiff's proposed ultimate recovery represents more than 100% of Plaintiff's estimated maximum recovery for unpaid wages, liquidated damages and penalties under the FLSA / NYLL. See *Chowdhury v. Brioni America, Inc.*, 2017 WL 5953171 at \*2 (S.D.N.Y. 2017) (net settlement of 40% of FLSA Plaintiff's maximum recovery is reasonable); *Redwood v. Cassway Contracting Corp.*, 2017 WL 4764486 at \*2 (S.D.N.Y. 2017) (net settlement of 29.1% of FLSA Plaintiff's maximum recovery is reasonable); *Beckert v. Ronirubinov*, 2015 WL 8773460, at \*2 (S.D.N.Y. 2015) (approving a settlement constituting 25% of the maximum possible recovery).

The method and formula for the derivation of the plaintiff's reasonable range of recovery under the FLSA / NYLL assumes the following, after considering Defendant's contra-narrative of hours worked and compensation received:

i.      Plaintiff worked an average of 80.5 hours per week between the period of May 1, 2022 to July 31, 2022;

ii.     Plaintiff was paid $21 per hour, for all hours worked; and

iii.    Plaintiff should have been paid $31.50 per hour for all overtime hours worked.

Taking these assumptions into account, the undersigned computed that the alleged unpaid wages, penalties and liquidated damages yielded the maximum aggregate amount of $23,928.85.

The undersigned yielded this amount by subtracting Plaintiff's assumed maximum recovery, by Plaintiff's paid wages.

The Settlement Agreement requires that Defendant pay Plaintiff a settlement sum in the amount of $40,000.00 to resolve the case, payable in one lump sum payment. After attorneys' fees and costs Plaintiff will receive a payment of $26,283.65.

Plaintiff believes that the Settlement Amount is a fair compromise to resolve this case without further litigation, and without subjecting both parties to the time and expense of additional discovery.

The alleged duration of Plaintiff's alleged employment (including whether Plaintiff was an employee at all) and the number of hours Plaintiff alleged she worked were seriously contested issues that made the settlement of the claims asserted in this action difficult. The parties engaged in informal discovery to address various issues related to liability and damages. Through the course of this process, the key issue that evolved concerned whether or not Plaintiff worked the hours alleged and was entitled to and/or paid the appropriate overtime wage, for all alleged hours worked.

The net proceeds of the Settlement Agreement compensate Plaintiff for more than 100% of Plaintiff's estimated maximum recovery for alleged unpaid wages, liquidated damages and penalties under the FLSA / NYLL, which Plaintiff calculated to be $23,928.85.

Given the risks these issues present, the Settlement Amount is reasonable.

### B.  The Settlement Agreement Avoids the Incurrence of Additional Expenses

The second *Wolinsky* factor examines "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses." *Wolinsky,* 900 F.Supp.2d 332, at 335. This factor also weighs in favor of *Cheeks* approval.

The Settlement Agreement resolves bona fide disputes over sharply contested issues, namely the total number of hours worked by Plaintiff and whether or not she was entitled to overtime wages as a matter of law. In that regard, Defendant asserts that Plaintiff was not an employee and was therefore not entitled to overtime wages, and further that she worked substantially fewer hours than she alleges. During settlement discussions, which included the informal exchange of documents, Defendant relied on digital time records, which Plaintiff rejected as inaccurate.  If the trier of fact determined that Plaintiff was not an employee, or that she worked fewer hours than alleged, it is likely that the wages due to Plaintiff would be greatly reduced and, in fact, there is the possibility she would not be owed any wages.  Proceeding to trial would consume significant amounts of time and resources, and Plaintiff faces the hurdles of rebutting Defendant's contemporaneous records for certain periods of time. *See Garcia v. Jambox, Inc.,* 2015 WL 2359502, at *3 (S.D.N.Y. 2015) (Plaintiff's burden on the rebuttable presumption is high where defendants have produced records).

The continued litigation of this case would necessitate multiple depositions, formal written discovery, review of voluminous records, and a trial. The associated costs and the continued

prosecution of this case would necessitate the incurrence of substantial attorneys' fees and costs on both sides. Accordingly, it is in the interests of both parties to effectuate a settlement.

### C. The Seriousness of the Litigation Risk Faced by Plaintiff is High

The third *Wolinsky* factor examines "the seriousness of the litigation risks faced by the parties." *Id at 335.* This factor also weighs heavily in favor of settlement.

Both parties face serious litigation risks as to both liability and damages, *to wit*, Plaintiff's alleged employee status, the amount of hours allegedly worked, and the amount of alleged underpayment of wages allegedly owed.

Defendant produced contemporaneous business records for the relevant period. Plaintiff, in order to succeed on the merits for this period, would have to rebut the presumption that Defendant did not pay Plaintiff in accordance with NYLL and/or the FLSA. Where, as here, Plaintiff has few, if any, records reflecting her hours, and Defendant has contradictory records created in the normal course of its business operations, Plaintiff's burden on this rebuttable presumption is likely high. *Gyalpo v. Holbrook Dev. Corp.*, 577 B.R. 629 (E.D.N.Y. 2017); *Garcia v. Jambox, Inc., supra* (S.D.N.Y. 2015).

Accordingly, the seriousness of the litigation risks on the part of both parties' continued prosecution of the case weighs in favor of settlement.

### D. The Settlement Agreement is a Fair Compromise Accomplished Between Experienced Counsel

The fourth *Wolinsky* factor examines "whether the settlement agreement is the product of arm's-length bargaining between experienced counsel" as well as the "possibility of fraud or collusion." *Wolinsky,* 900 F.Supp.2d 332, at 335. This factor weighs heavily in favor of *Cheeks* approval.

The contested issues, and arms-length negotiation by counsel demonstrate there was no fraud or collusion. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012) ([T]ypically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement). *Abrar v. 7-Eleven, Inc.*, 2016 WL 1465360, at *2 (E.D.N.Y. 2016). Additionally, Plaintiff is satisfied with the settlement amount and voluntarily and willingly entered into the agreement.

Levin-Epstein & Associates, P.C. has obtained favorable decisions in wage-and-hour cases that have set precedent in this area of law. *See Singh v. Lintech Elec., Inc.,* 2021 WL 1062533, at *3 (E.D.N.Y. 2021) (securing dismissal of fraudulent conveyance actions, and cancellation of *lis pendens*, filed in FLSA action); *Suarez et al v. Brasserie Felix, Inc. et al*, Case No. 19-cv-07210, Dckt. No. 59 (hired by Plaintiffs' counsel to facilitate resolution in bankruptcy proceedings and secured $800,000 settlement on behalf of twelve (12) FLSA plaintiffs); *El Aalaoui v. Lucky Star Gourmet Deli Inc.,* 2021 WL 22787, at *1 (S.D.N.Y. 2021) (successfully vacating default

judgment entered against FLSA defendants in the amount of $231,660); *Rivera v. Crabby Shack, LLC,* 2019 WL 8631861, at *5 (E.D.N.Y. 2019) (successfully arguing motion to enforce and approve settlement agreement on behalf of defendants)*; Pugh v. Meric*, 2019 WL 2568581, at *2 (S.D.N.Y. 2019) (post-bench trial order issued by the Hon. Judge Denise Cote, holding that the "wage notice penalty" in NYLL § 198(1)(1-b), by its very terms, does not mandate the imposition of damages); *Pugh v. Meric*, 2019 WL 3936748, at *5 (S.D.N.Y. 2019) (post-bench trial order reducing plaintiff's attorneys' fees award of $8,000 to $800); *Reyes v. The Picnic Basket, Inc.,* Case No. 18-cv-140, Dckt. No. 39, at *3-4 (S.D.N.Y. 2018) (successfully opposing Plaintiff's motion for conditional certification).

### III.   The Allocation for Attorneys' Fees is Reasonable

Plaintiff bears the burden of proving the reasonableness of the fees sought. *See Savoie v. Merchs. Bank*, 166 F.3d 456, 463 (2d Cir. 1999). "Although courts may elect to award fees by considering either the lodestar method – the reasonable hourly rate of the attorney multiplied by the number of hours reasonably expended – or the percentage method – a percentage of the total amount recovered by the plaintiffs – '[t]he trend in [the Second] Circuit is toward the percentage method.'" *Perez v. Ultra Shine Car Wash, Inc*., 2021 WL 1964724, at *6 (S.D.N.Y. 2021) (citing *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005)). But even where attorneys' fees are sought pursuant to the percentage of the fund method, "counsel must submit evidence providing a factual basis for the award." *Id.* (citing *Wolinsky v. Scholastic Inc*., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)); *see also Guareno v. Vincent Perito, Inc.*, 2014 WL 4953746, at *2 (S.D.N.Y. 2014) ("Counsel must provide a factual basis for a fee award, typically with contemporaneous time records."). A proper fee request thus includes "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015). The Court must also determine the reasonable hourly rate by considering the "prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin., Ltd*., 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012). Courts can and should exercise broad discretion in determining a reasonable fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

The method for determining reasonable attorney's fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 186 n.3 (2d Cir. 2008). In particular, when assessing an attorney's requested hourly rate, courts typically consider other rates awarded in the district in which the reviewing court sits. This is known as the "forum rule." *See Simmons v. New York City Transit Auth*., 575 F.3d 170, 174-175 (2d Cir. 2009). Once the Court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee. *See Arbor Hill*, 522 F.3d at 190.

Plaintiff respectfully recommends an hourly rate of $450 for the services of Joshua D. Levin-Epstein ("Mr. Levin-Epstein"), and $350 for the services of Eunon Jason Mizrahi ("Mr.

Mizrahi").[1] Other Courts have approved Mr. Levin-Epstein & Mr. Mizrahi's proffered billing rates. *See Dorson v. NYU Langone Hospital-Brooklyn,* Case No. 1:21-cv-04286-RER at 1/23/2023 Order (S.D.N.Y. 2023); *Christian v. MH Plumbing & Mechanical Corp. et al,* Case No. 1:22-cv-04774-BMC at Dckt. No. 21 at * 4 (E.D.N.Y. 2023); *Sims v. Crown Waste Corp. et al*, Case No. 1:22-cv-06047-BMC at Dckt. No. 23 at * 4 (E.D.N.Y. 2023); *Hernandez v. Yonkers Brewing Company LLC et al*, Case No. 7:21-cv-06951-PED at Dckt. No. 50 (S.D.N.Y. 2022); *Hoyos v. Milio et al,* Case No. 1:22-cv-01982-GWG at Dckt. No. 54 (S.D.N.Y. 2022); *Simmons v. Allied Universal Security Services, LLC et al*, Case No. 1:22-cv-03526-GHW at Dckt. No. 21 (S.D.N.Y. 2022); *Jones v. Questfleet LLC et al*, Case No. 1:21-cv-04042-TAM at 7/28/2022 Order (E.D.N.Y. 2022); *Stein v. Greenfeld et al,* Case No. 20-cv-01929-ARR-CLP, Dckt. No. 25 at *6-7 (E.D.N.Y. 2020); *Laureano-Capellan v. Chirichella et al,* Case No. 20-cv-00360-RER, July 15, 2020 Dckt. Entry (E.D.N.Y. 2020); *Feliciano v. Yoon et al,* Case No. 18-cv-06361-DLI-JO, March 27, 2020 Dckt. Entry (E.D.N.Y. 2020). Such fees are also within the range of reasonable rates for similarly experienced attorneys. *See Guerra v. Trece Corp.,* 2021 WL 1893593, at *2 (S.D.N.Y. 2021) (approving hourly rate of $450 for partner); *Meide Zhang v. Liang Zhang*, 2020 WL 9256464, at *6 (S.D.N.Y. 2020), *report and recommendation adopted as modified sub nom. Zhang v. Zhang*, 2021 WL 1154084 (S.D.N.Y. 2021) (approving $450 hourly rate as "reasonable"); *Salazar v. 203 Lena Inc*., 2020 WL 5627118, at *11 (S.D.N.Y. 2020), *report and recommendation adopted,* 2020 WL 6257158 (S.D.N.Y. 2020) (recommending hourly rate of $500).

Applying the percentage method, Plaintiff respectfully requests an award of attorneys' fees in the amount of $13,139.85.

Plaintiff further requests an award of $576.50 for costs incurred in filing fees ($402) and effecting service of process ($174.50). Proof of disbursements substantiating these fees are annexed hereto as Exhibit "C".

Based on this, the requested attorneys' fees and costs of $13,716.35 should be found reasonable and permitted. The parties respectfully request that the Court approve the settlement as fair and reasonable and So Order the proposed Stipulation to Dismiss the case.

## IV.    The Agreement Satisfies All Other Factors Considered for Approval

The terms of the Settlement Agreement are consistent with *Cheeks*. For example, the release in the Agreement is limited to wage-and-hour claims and there are no confidentiality or non-disparagement provisions. The settlement was reached following arm's-length negotiations between experienced counsel and following extensive exchanges of information.

In sum, the settlement is fair and reasonable, providing Plaintiff with a substantial recovery protected against the uncertainties and costs of trial, and should be approved by the Court.

We thank the Court for its time and consideration of this matter.

---

[1] A true and correct copy of Plaintiff's counsel's contemporaneous time and billing records, documenting each attorneys' hourly rate, hours expended, and tasks worked on, is annexed hereto as Exhibit "B".

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
    Jason Mizrahi, Esq.
    60 East 42nd Street, Suite 4700
    New York, NY 10165
    Tel. No.:  (212) 792-0048
    Email: Jason@levinepstein.com
    *Attorneys for Plaintiff*