# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Latosha Curry, *on behalf of herself and others similarly situated in the proposed FLSA Collective Action*,

                                       *Plaintiff*,

-against-

Alto Pharmacy, LLC,

        *Defendant.*
-------------------------------------------------------------------X

Case No.: 1:22-CV-0690

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

    Plaintiff Latosha Curry ("Plaintiff") and Defendant Alto Pharmacy, LLC (the "Defendant") (together with Plaintiff, the "Parties") desire to settle and resolve fully all wage and hour claims that have been or could have been brought against Defendant by Plaintiff, and have reached a compromise settlement agreement to dispose of all such claims, including but not limited to, Plaintiff's claims against Defendant in the lawsuit captioned *Curry v. Alto Pharmacy LLC*, Case No. 22-cv-06902, pending in the U.S. District Court for the Southern District of New York (the "Lawsuit"). Therefore, in consideration of the foregoing, Plaintiff and Defendant agree as follows:

    1.    **Consideration.** In consideration for Plaintiff's timely signing this Negotiated Settlement Agreement and Release ("Agreement") and complying with the promises made by Plaintiff contained in this Agreement, including the release and waiver of claims, Defendant agrees to provide Plaintiff with the total settlement sum of Forty Thousand Dollars and Zero Cents ($40,000.00) in consideration for and in full satisfaction of all wage and hour claims Plaintiff may have against Releasees (as defined below), known or unknown, asserted or unasserted, through the date of the execution of the Agreement. Such payment shall be apportioned among Plaintiff and Plaintiff's counsel as follows:

        a.    One check made payable to "Latosha Curry" in the gross amount of Thirteen Thousand One Hundred Forty-One Dollars and Eighty-Three Cents ($13,141.83), less applicable taxes and withholdings, in full satisfaction of all Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims Plaintiff may have for wages allegedly owed, which shall be reportable on an IRS Form W-2;

        b.    One check made payable to "Latosha Curry" in the gross amount of Thirteen Thousand One Hundred Forty-One Dollars and Eighty-Three Cents ($13,141.83, in full satisfaction of all FLSA and NYLL claims

    Plaintiff may have for alleged liquidated damages, penalties and interest, which shall be reportable on an IRS Form 1099-MISC (Box 3); and

c.  One check made payable to "Levin-Epstein & Associates, P.C." in the amount of Thirteen Thousand Seven Hundred Sixteen Dollars and Thirty-Five Cents ($13,716.35), as payment for attorneys' fees ($13,139.85) and costs ($576.50), which shall be reportable on an IRS Form 1099-MISC (Box 10).

d.  The payments set forth in paragraphs "1.a.," "1.b.," and "1.c." will be sent to Plaintiff's counsel of record, Jason Mizrahi, Esq., within fourteen (14) calendar days after all of the following: (i) Defendant's counsel being in receipt of this Agreement executed by Plaintiff, including the Stipulation and Order of Final Dismissal with Prejudice attached as Exhibit "A" executed by Plaintiff's counsel, and (ii) Defendant's counsel being in receipt of notice of the Court's approval of all terms of the Agreement.

e.  <u>Indemnification</u>. Plaintiff shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the settlement sum set forth in Paragraph "1.b." above. Plaintiff acknowledges that they have not relied on any oral or other representations made by Defendant or its counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

2.  **<u>No Consideration Absent Execution of this Agreement</u>.** Plaintiff understands and agrees that they would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

3.  **<u>Release of All Wage & Hour Claims</u>.** Plaintiff, their heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendant, and their subsidiaries, divisions and affiliated entities, including but not limited to 554-558 W 181st Street LLC, and their owners, officers, directors, Board members, principals, shareholders, trustees, administrators, executors, agents, attorneys, employees, former employees, insurers, reinsurers, predecessors, successors and assigns, and its employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities (collectively "Releasees") of and from any wage and hour actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, union grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which they may have against Releasees as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged violation of: the Fair Labor Standards Act, 29 U.SC. § 201 <u>et</u> <u>seq.</u>; the New York Labor Law and all New York Wage Orders; any other federal, state, city or local wage-hour, wage-payment laws, rules, regulations and/or guidelines, constitutions or ordinances; any claim for costs, fees, or other expenses, including attorneys' fees or any other action against Releasees, arising from any purported wage and hour violation and

based upon any conduct occurring from the beginning of time up to and including the date of the complete execution of this Agreement.

4. **No Other Entitlement Under the FLSA.** As a consequence of this settlement, Plaintiff affirms that they has been paid and has received all compensation, wages, bonuses, commissions, benefits, and other monies to which they may be entitled under the FLSA.

5. **Procedure.** After this Agreement and the Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's Claims ("Stipulation") attached as Exhibit "A" are fully-executed by the Parties and their counsel, subject to Defendant's review of and consent to the motion for judicial approval of the settlement, Plaintiff, on behalf of the Parties, will submit the Agreement and Stipulation to the Court for the Court's consideration and approval.

6. **Governing Law, Interpretation and Forum Selection.** This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflicts of law provisions. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The Parties expressly consent that any action or proceeding relating to this Agreement will be brought in the U.S. District Court for the Southern District of New York.

7. **Non-admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

9. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties, except for the Parties' Negotiated Settlement Agreement and General Release of Non-FLSA Claims, which is being executed simultaneous with this Agreement. Plaintiff acknowledges that they have not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

10. **Execution.**

   a. The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendant. The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by their counsel. Plaintiff fully understands that this Agreement generally releases, settles, bars and waives any and all wage and hour claims that

they possibly could have against Releasees relating to their employment with Defendant. Plaintiff further represents that they are fully satisfied with the advice and counsel provided by their attorneys; and

        b.     Plaintiff fully understands the terms of this Agreement.

11.    **Translation.** It is further understood and agreed between the Parties that counsel for Plaintiff shall be responsible for translating this Agreement to a language fully understood by Plaintiff, and to fully advise Plaintiff regarding the terms and conditions of this Agreement. Any contention that the terms and conditions of this Agreement were not translated and communicated to Plaintiff by their counsel shall not be a basis to challenge or to set aside this Agreement.

12.    **Counterparts.** This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. Electronic and facsimile signatures shall be deemed as originals.

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW WITH PLAINTIFF'S ATTORNEYS, LEVIN-EPSTEIN & ASSOCIATES, P.C., ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA AND NYLL CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUM SET FORTH IN THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH THEIR ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMSTHEY HAVE OR MIGHT HAVE AGAINST RELEASEES.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily signed this Agreement as of the date(s) set forth below:

Dated: _____          _____
                                  Plaintiff, Latosha Curry


Dated: _____          _____
                                  Alto Pharmacy LLC

                                  By: _____

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily signed this Agreement as of the date(s) set forth below:

Dated: _____        _____
                                     Plaintiff, Latosha Curry


Dated: __6/22/2023_____         *Lisa Jurinka*
                                     _____
                                     Alto Pharmacy LLC

                                     By: __Lisa Jurinka_____
                                            Chief Legal Officer

5

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LATOSHA CURRY, on behalf of herself and others similarly situated in the proposed FLSA Collective Action,

                        Plaintiff,

-against-                        Case No.: 22-CV-06902 (LJL)

ALTO PHARMACY LLC,

                        Defendant.
------------------------------------------------------------x

## STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff LATOSHA CURRY ("Plaintiff"), and Defendant ALTO PHARMACY LLC ("Defendant"), that upon the Negotiated Settlement Agreement and Release in this matter having been reviewed by the Court and found to be fair and reasonable, Plaintiff's claims in this action shall be dismissed in their entirety, with prejudice, in accordance with the terms of the Negotiated Settlement Agreement and Release. The United States District Court for the Southern District of New York shall retain jurisdiction over all proceedings to enforce the terms of the settlement between the parties in the Action;

Respectfully submitted,

Dated: 6/23/2023          By: _____
                                        Jason Mizrahi, Esq.
                                        Levin-Epstein & Associates, P.C.
                                        60 East 42nd Street, Suite 4700
                                        New York, New York 10165
                                        ATTORNEYS FOR PLAINTIFF

Dated: 6/23/23          By: _____
                             Brian A. Bodansky, Esq.
                             Jackson Lewis P.C.
                             44 S. Broadway, 14th Floor
                             White Plains, New York 10601
                             ATTORNEYS FOR DEFENDANT


SO ORDERED this _____ day of _____, 2023.


_____
        Hon. Lewis J. Liman
        United States District Judge


4895-2472-1767, v. 2